# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number:14-01233/W

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
## 11 U.S.C. § 362(d)

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**06/07/2017**



_John E Waites_

US Bankruptcy Judge
District of South Carolina

Entered: 06/08/2017

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| Michael Linn Connelly ***-**-6726 | ) | |
| Abbie Law Connelly ***-**-6568 | ) | CASE NO: 14-01233/W |
| | ) | |
| | ) | **ORDER ON MOTION FOR** |
| | ) | **RELIEF FROM AUTOMATIC** |
| | ) | **STAY 11 U.S.C. § 362(d)** |
| Debtor(s). | ) | (Value/Equity Exists Above Movant's Lien) |

This matter comes before the Court upon the Motion for relief from the automatic stay filed by Ocwen Loan Servicing, LLC as servicer for The Bank of New York Melon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2003-RS9 ("Movant") based on Debtor's failure to comply with the terms of the previously confirmed Chapter 13 plan. The property or security which is the subject of the motion is described as follows:

*121 Oakdale Drive, Summerville, SC 29483*

According to the certifications of facts, the value/equity in the subject property above the Movant's lien is *$9,912.24.*

Debtor is to address the default in the previously confirmed plan by curing the post-petition arrearage through other payments made directly to the Movant as described below.

### *POST PETITION ARREARAGE:*

As of *May 4, 2017,* Debtor has accrued a post petition arrearage in the amount of *$22,748.53.* The post petition arrearage consists of:

    X Payments for the month(s) of *11/14 - 7/16* in the amount of *$683.87* per month.
    Payments for the month(s) of *8/16 - 2/17* in the amount of *$694.92* per month.
    Payments for the month(s) of *3/17 - 5/17* in the amount of *$862.49* per month less suspense in the amount of *$50.65.*
    ☐ Late Charges in the amount of $0.00
    X Attorney's fees and costs in the amount of *$1031.00.*
    ☐ Other costs (specify below) in the amount of $0.00

**THEREFORE, IT IS HEREBY ORDERED:**

1

Debtor shall continue to remit to Movant the regular post petition monthly payments beginning June 1, 2017, and continuing thereafter in accordance with the terms of the loan agreement and the Chapter 13 Plan.

### *CURE PAYMENT TO MOVANT:*

Debtor shall cure the above listed post petition arrearage by making Cure Payments directly to the Movant as follows:

☐ Pay initial payment of $_____ by _____, 20___.
**X** Pay $1137.42  per month beginning August 1, 2017 for nineteen (19) consecutive months.
**X** Pay final payment of $1137.55 by March 1, 2019.

Failure to make a payment within 20 days from its due date shall be considered a default under the terms of this order.

Cure payments shall be paid directly to Movant at:

*Ocwen Loan Servicing*
*Attn: Cashiering Department*
*1661 Worthington Road, Suite 100*
*West Palm Beach, FL 33409*

### *CONSEQUENCES OF DEFAULT*

Upon a default under the terms of this Order, Movant may file an affidavit of default and request for further hearing, and a hearing will be scheduled to determine whether relief from the stay is warranted.  Debtor shall have ten (10)  days from the date of service of the notice of further 362 hearing to object to the Movant's request for relief.  If no timely objections are filed, the Court may grant relief without any further hearing.

### *OTHER ARRANGEMENTS*

Movant agrees to waive any claim arising under 11 U.S.C. § 503(b) or § 507(b) as a result of this order. In the event relief from the automatic stay is granted due to Debtor's default under the terms of the Order, Movant agrees that any funds received in excess of all liens, costs, and expenses will be paid to the Trustee.

The parties agree that The Fed. R. Bankr. P. 4001(a)(3) stay:

**X** is applicable to any  Order granting relief for default on this Order.
☐ is not applicable to any Order granting relief for default on this Order.

2

*CERTIFICATION:*

Prior to consenting to this Order, the payment obligations set forth in this Order, including the amounts, method, and timing of payments, and consequences of default were reviewed and agreed to by Debtor.

/s/ Ann U. Bell
Ann U. Bell
District Court I.D. #10372
Drose Law Firm
3955 Faber Place Drive, Suite 103
North Charleston, SC 29405
843-767-8888


*AND IT IS SO ORDERED.*

3